LYONS, JUDGE:
This claim was brought by claimant as administratrix of the estate of her late husband, John Roger Jeffers, who died on October 3, 1979, as a result of drowning. On that date, the deceased, a truck *204 driver employed by respondent, was part of a work crew performing work on Secondary Route 29/1 in Mason County, West Virginia. The job involved filling a large hole in the road with dirt and rock. The hole was located across a one-lane bridge over Crab Creek. As the deceased drove his loaded dump truck, which weighed approximately 10 tons, over the bridge, it collapsed, causing his death. The bridge had previously been posted with a three-ton weight limit. Claimant alleges that respondent willfully, wantonly, and recklessly required the deceased to cross the bridge in violation of the weight limit and seeks $603,000.00 as a result of his death.
The foreman of the deceased’s work crew, Kenneth Gardner, was the only witness to the accident. Mr. Gardner testified that when he and the deceased arrived at the bridge, he, Gardner, left the truck and walked across the bridge. His stated purpose was to make sure the truck, after crossing the bridge, was not backed into the hole which he estimated was 10 to 15 feet from the left edge of the bridge. Mr. Gardner said that he followed the same procedure earlier that day when another dump truck, driven by John Hughes, delivered the first load of dirt and gravel to the site. That truck crossed the bridge without incident. Mr. Gardner testified that he had visited the site several days prior to October 3, 1979, in order to check the hole. He also stated that he accompanied John Hayman, assistant county maintenance superintendent, to inspect the bridge, although Mr. Hayman denied Mr. Gardner’s presence. Mr. Gardner denied seeing weight limit signs on the bridge on any prior visit.
Mr. Hayman drove to the bridge at the request of G.C. Sommer, county supervisor, to check its condition. Mr. Hayman testified that he performed a visual inspection of the bridge and that “the steel and the structure on the bridge, the bridge deck itself, looked all right.” He drove a pickup truck over the bridge and examined both ends. Although he is neither an engineer nor a bridge inspector, Mr. Hayman testified that he had looked at bridges on different occasions to determine if they were safe. He reported that the bridge looked “safe for going ahead and doing the work that would need to be done,” and that the work would include driving a dump truck over it. During the course of the inspection, Mr. Hayman noticed the weight limit sign, but added that respondent had disregarded weight limit signs on bridges before in order to perform work. There had never been any problems on other bridges, and Mr. Hayman stated he did not think the bridge over Crab Creek would collapse.
W.Va. Code §32-2-6 provides that a contributing employer to the Workmen’s Compensation Fund shall not be liable for damages at *205 common law or by statute for the injury or death of an employee. Respondent is a contributing employer. An exception to this rule has been made and is codified in W.Va. Code §23-4-2(b) which provides a cause of action where injury or death to an employee resulted from “the deliberate intention of his employer to produce such injury or death.” The record in this claim established that the claimant received benefits from the Workmen’s Compensation Fund until the time of her remarriage in 1983. Claimant’s infant son will receive benefits during the period of his dependency, either until age 18 or 25 if a full-time student. Therefore, if an award is to be made, it must be established that respondent acted with deliberate intent to cause the death of the decedent.
Deliberate intent was discussed by the W. Va. Supreme Court in the case of Mandolidis v. Elkins Industries, Inc., _W.Va__ 246 S.E.2nd 907 (1978). “An employer loses immunity from common law actions where such employee’s conduct constitutes an intentional tort or wilful, wanton, and reckless misconduct.” Intentional means that the actor desires to cause the consequences of the act or believes the consequences are substantially certain to result. The Court states that “willfulness or wantonness imports premeditation or knowledge and consciousness that injury is likely to result from the act done or from the omission to act.” A distinction is found between wilful, wanton and reckless misconduct and negligence. The terms are mutually exclusive; not even gross negligence rises to a wilful, wanton standard as the terms imply different states of mind. Negligence implies inadvertence as distinguished from premeditation or formal intention.
Claimant argues, in her brief, that respondent acted with deliberate intent. Claimant looks to the actions of the deceased’s supervisor, Kenneth Gardner, who stated that despite several prior trips to the accident site, he failed to see the weight limit signs. The fact that Mr. Gardner walked across the bridge before the trucks is alleged by claimant to indicate that Gardner was aware of the signs, and acted in a wilful and wanton manner. The Court must conclude differently. Whether the signs were viewed or not, the fact that an inspection of the bridge was conducted serves to remove knowledge and consciousness that injury would result. The Court is fully aware that the inspection was performed by someone not technically qualified to do so; nevertheless, the conscious appreciation of risk ceased.
In light of the Mandolidis decision and later court cases, the W.Va. Legislature passed a legislative standard for loss of employer immunity. W.Va. Code §23-4-2(c)(l) declares that this standard for loss of immunity is more narrow and specific than the standard of wilful, *206 wanton and reckless misconduct. The legislation requires proof of one of two standards. The first is proof that the employer acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to the employee.
The second is proof of all the following facts:
1. The existence of a specific unsafe working condition presenting a high degree of risk.
2. The employer had a subjective realization and appreciation of the existence of the unsafe condition and degree of risk.
3. The unsafe condition violated a state or federal safety statute, rule, regulation or other safety standard.
4. Notwithstanding these facts, the employer intentionally exposed the employee to the unsafe working condition, and
5. The employee suffered injury or death as a direct and proximate result of the unsafe condition.
Under the more stringent legislative standard, the Court’s conclusion necessarily remains the same. Although Mr. Hayman testified that respondent’s employees routinely overlooked weight limits on bridges in order to perform work, the employer’s subjective realization is not present. As previously discussed, a finding of negligence or even gross negligence on the part of the respondent is insufficient to establish liability in this claim. The Court is not unmindful of the claimant’s loss, but the claim must be dismissed, and is dismissed.
Claim dismissed.